FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRISTINE HAKOBYAN; ANI
AYVAZYAN,

              Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 07-71680

Agency Nos.     A096-349-782
             A096-349-783

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 5, 2011
Pasadena, California

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

    Kristine Hakobyan and her daughter, Ani Ayvazyan, petition for review of a

decision of the Board of Immigration Appeals (BIA) affirming an Immigration

Judge's (IJ) denial of their application for asylum, withholding of removal, and

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

relief under the Convention Against Torture (CAT). We grant the petition and remand to the BIA.

**1.** The BIA and IJ denied Hakobyan's application for asylum and withholding on adverse credibility grounds, basing their determination on perceived inconsistencies in Hakobyan's testimony regarding the following: (a) the nature and extent of Hakobyan's involvement in the soldier's complaint; (b) the number of complaints Hakobyan made to the local police about domestic abuse; and (c) Hakobyan's father-in-law's motivation for beating her on September 5, 2001. We hold that "the evidence *compels* a contrary result." *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011).

**a.** In focusing on the language differences between Hakobyan's second affidavit and her testimony, the BIA improperly based its adverse credibility determination on a "[m]inor inconsistenc[y] that reveal[s] nothing about [Hakobyan's] fear for her safety." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (quoting *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir. 2004)). That Hakobyan's half-page long, second affidavit was somewhat imprecise and lacking in detail cannot support an adverse credibility determination, *see Smolniakova v. Gonzales*, 422 F.3d 1037, 1044-45 (9th Cir. 2005), particularly considering that her first, more detailed affidavit was entirely consistent with her testimony regarding

2

the nature of her involvement in the soldier's complaint. Hakobyan's statements that she informed the soldier's parents of the sources of his injuries and offered to testify in any resulting proceedings is entirely consistent with her representation that she "assisted" in filing the soldier's complaint; the information and promise were essential both to the content of the complaint and its prospects for success, and so constituted assistance. The only remaining inconsistency regarding the nature and extent of Hakobyan's involvement in the soldier's complaint – whether it was the soldier who actually filed the complaint or the soldier's parents on his behalf – does not go to the heart of her claim for relief.[1] *See Tekle*, 533 F.3d at 1051. Whether it was the soldier or the soldier's parents who actually filed the complaint is not relevant to Hakobyan's claim that she was persecuted on account of her involvement in the complaint, as the distinction has nothing to do with Hakobyan's own actions. What does matter is that there is no inconsistency regarding the key fact – that she was centrally involved: Hakobyan's two affidavits and her testimony were consistent in suggesting that the complaint would not have been filed but for Hakobyan's actions.

---

[1] Because Hakobyan filed her asylum application prior to May 11, 2005, we review the BIA's adverse credibility determination under pre-REAL ID Act standards.

3

**b.** The second reason for the BIA's adverse credibility determination also erroneously focused on the lack of precision in one of Hakobyan's affidavits. Considering that Hakobyan thought that contacting the regional authority was a way to make a complaint to the police, her testimony that she went directly to the police station twice and also made numerous complaints to the regional authority is consistent with the statement in her affidavit that she made numerous complaints to the police.

**c.** The third reason for the BIA's adverse credibility determination is similarly unsupported by the record. Hakobyan's explanation of her alleged inconsistency in stating that her father-in-law and husband beat her for participating in the student movement clearly revealed that she had been testifying about why her family beat her *in general*, as opposed to the motivation for the September 5, 2001, beating in particular. Contrary to the IJ's assertions, she did not try to claim that she was being beaten in 2001 for participating in an organization that she had stopped openly associating with in 1998.

As the BIA's adverse credibility finding is for these reasons not supported by substantial evidence, on remand, Hakobyan is to be deemed credible for the purposes of assessing her asylum and withholding claims. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1094-95 (9th Cir. 2009) (holding that "the deemed credible

4

rule may apply when it is evident that the IJ and BIA have both strained to provide reasons properly supporting an adverse credibility finding, but despite their best efforts have been unable to do so").

**2.** We agree with the parties that the BIA's footnote regarding its doubts that Hakobyan had established a nexus between the harm she had suffered and a protected ground was not a determination of this issue. We therefore remand for the BIA to make this determination in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam). We note, however, that the IJ's nexus discussion, with which the BIA appeared to agree, was not an accurate reflection of the record as a whole. The essence of Hakobyan's asylum claim is that she suffered persecution because of her political opinion. Hakobyan testified that she was beaten by her father-in-law and husband because of her political activities outside her work: The student organization was one example; helping the soldier was another. She also testified that she was beaten by police because of her involvement in the soldier's complaint.

Exposing government corruption, whistle-blowing, and participating in politically active student organizations are all expressions of political opinion. *See Fedunyak v. Gonzales*, 477 F.3d 1126, 1129 (9th Cir. 2007); *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir. 2000), *superseded by statute on other grounds*, REAL

5

ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. On remand, the BIA should consider Hakobyan's claim in light of these precedents.

3. The BIA erred in concluding that it need not consider Hakobyan's CAT claim because she made "no substantive argument on appeal in support of protection under the CAT." Hakobyan's "request was sufficient to put the BIA on notice that [she] was challenging the IJ's [CAT] determination, and the agency had an opportunity to pass on this issue. . . . [O]ur precedent requires nothing more." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004). Accordingly, the BIA must decide the issue on the merits.[2]

**PETITION GRANTED AND REMANDED.**

---

[2] We reject the government's argument that Hakobyan waived her CAT claim before this court. The separate section in Hakobyan's brief regarding CAT was sufficient to give the government adequate notice that she is continuing to pursue that claim for relief. *See Nuru v. Gonzales*, 404 F.3d 1207, 1223 n.13 (9th Cir. 2005).